MARTIN and another vs. MARTIN.

JOINDER OF PARTIES. — Joint contractors for doing a specific piece of work cannot each sue for a specific part of the compensation, but in respect to a joint contract, must sue or be sued jointly.

(3 Chand., 303.)

ERROR to the County Court of Walworth County.

*Samuel A. & John H. Martin* sued *John Martin* for work and labor in threshing wheat, claiming $6.25. The defendant pleaded the general issue, and gave notice of setoff to the amount of $7.50. The justice rendered judgment against the plaintiffs for the reason that they did not aver and had not proved that they were partners. They removed the case to the county court by *certiorari*, where the judgment of the justice was affirmed, and thereupon brought a writ of error. It appeared from the testimony that one Charles Martin was authorized by the defendant to employ whomsoever he pleased to thresh his wheat; that he employed the plaintiffs to do it, and that they did some threshing under that engagement.

*U. D. Meacham*, for plaintiffs in error.

*A. D. Smith* and *R. R. Menzie*, for defendant in error.

HOWE, J. The plaintiffs sued before a justice of the peace in Walworth County, to recover the sum of six dollars and twenty-five cents, as a compensation for threshing one hundred and twenty-five bushels of the defendant's wheat, in September, 1848. Judgment was rendered for the defendant by the justice, and that judgment was removed by certiorari into the county court of Walworth county, where a similar accident befell the plaintiffs; the judgment of the justice was there affirmed.

This last judgment is now brought before us upon error alleged therein.

Charles Martin, an uncontradicted witness, testified before the justice, that, being commissioned by the defendant to employ whomsoever he pleased to thresh his wheat, he engaged the plaintiffs. He swears that he knew of the plaintiffs doing some threshing for the defendant under that engagement. The plaintiffs have sued for the value of that threshing, and in the opinion of this court, the plaintiffs ought to be paid for it.

What engagements these plaintiffs were under to each other, what relations they sustained toward each other — whether

they were copartners or a corporation, joint tenants or tenants in common, it is not necessary for us here to inquire. But as the plaintiffs were the parties who contracted and who have performed their contract, we are well satisfied they are the parties who ought to recover.

The defense urged against this claim has no better foundation in rules of law than it has in the principles of justice. There is no ground for the pretense that when two men engage to do the same piece of work, that each is entitled to sue for a specific portion of the compensation. On the contrary, it is an inflexible rule of law, that *joint contractors* must sue and be sued jointly.

Upon the argument indeed, it was denied that the case furnished evidence of a joint contract; and it was insisted that although the witness says he " engaged the plaintiffs to thresh the defendant's wheat at five cents per bushel," we are not to understand he engaged them jointly. The answer is evident. There was but a single and entire work to be accomplished — like the building of a wagon or the making of a coat, to-wit: the threshing of a specific lot of wheat; and had the witness testified that he engaged the plaintiffs *severally* to do that job, we could hardly forbear to pronounce him either a perjured witness, as having sworn falsely, or as a dishonest man, as having made two *several* contracts for the performance of one and the same task.

But if it will not answer simply to say that this language conveys the idea of a *joint* if not a *several* contract to the common understanding of every one — if its adequacy must be mathematically demonstrated — that may be done by the use of the following equations:

The term " engage " is used by the witness in the sense of agree with or bind by contract.

That clause then of the testimony, " I engaged the plaintiffs," is equivalent to saying, " the plaintiffs agreed to do the threshing." The plaintiffs were John H. and Samuel A. Mar

tin, and this clause, " the plaintiffs agreed to do the threshing," is equivalent to saying, *they* agreed to do it. I suppose, then, the contract to be reduced to writing, in which form of evidence the plaintiffs would speak for themselves, using a pronoun of the first person, instead of the third, and we should have the following equivalent formula : " We agree to do the threshing," etc. ; and it will hardly be denied that the expression, " we agree to do," or " we agree to pay," is evidence of a joint, and not a several contract.

And I cannot forbear to remark that, had the different courts which have passed upon this matter below, been as fearless to espouse the equities of this case, which, as they are presented on this record, are most apparent to the observation of all, as they were earnest to vindicate principles of law which had no actual existence, the plaintiffs would not have been forced to bring into this court of final resort, a claim so trifling in amount, as that nothing but the sacred rights of labor would justify the prosecution of it; and seemingly, so just as that honesty must need be ingenious to conceive a defense to it.

The judgment of the county court is reversed.