ESTATE OF NITKA : NITKA, Appellant, vs. NITKA, Executor, Respondent.

*April 6—May 10, 1932.*

*A. L. Smongeski* of Stevens Point, for the appellant.

For the respondent there was a brief by *Martens & Meleski* of Stevens Point, and oral argument by *Geo. H. Martens.*

FOWLER, J. Martha Nitka filed a claim for $10 a week for a part of the time and $20 a week for a shorter period for care and nursing furnished the deceased, who was the mother of her husband. The deceased lived in the family of claimant and her husband while the services were performed.

The county judge found that the services were rendered under an agreement with claimant and her husband that the deceased was to pay $10 a week for board, lodging, and care. The evidence supports this finding but does not disclose to whom or how much payment was to be made for the different kinds of service. In this situation the county judge concluded that it would be presumed that it was all to be paid to the husband as the head of the family. Respondent's counsel concedes this would be right but for the enactment in 1921 of sec. 6.015 (1), Stats., declaring that "Women

shall have the same rights and privileges under the law as men in the exercise of . . . freedom of contract, . . . holding and conveying property, . . . and in all other respects."

The effect of the statute cited upon the rights of married women has been considered in *First Wis. Nat. Bank v. Jahn,* 179 Wis. 117, 190 N. W. 822, *Wait v. Pierce,* 191 Wis. 202, 209 N. W. 475, 210 N. W. 822, and *Sparks v. Kuss,* 195 Wis. 378, 216 N. W. 929, 218 N. W. 208. It is stated in the case last cited (page 389) that the statute and the prior decisions under it "require us now to hold that a married woman may contract as a *feme sole* might do, and, consequently, may enter into a partnership with her husband."

This declaration was the considered judgment of the court, and we see no reason to go further for authority to support the proposition that when a married woman and her husband enter into a contract with another for services to be rendered by them, their relations and status are the same that they would be were they not married.

The husband and wife in the instant case thus became obligees under a joint contract. *Martin v. Martin,* 3 Pin. 272; 13 Corp. Jur. p. 577, §§ 569, 571; 6 Ruling Case Law, p. 878. Under such a contract both should join in a suit to recover upon it. *Martin v. Martin, supra;* 47 Corp. Jur. p. 60, § 120. A payment to one joint obligee binds the other. 13 Corp. Jur. p. 576, § 564. Upon the fact stated as found by the court, the rights of the claimant should have been decided upon these principles.

It appeared from the testimony that the husband of the claimant received the sum of $1,800 from the deceased during the time the services involved were being performed. Eight hundred of this was claimed by the claimant and her husband to have been a gift to him, and $1,000 to have been handed to him by the deceased to be expended for masses

for her. The county judge did not believe the money was given as thus claimed and ruled that the husband, who was not cited to appear at the hearing and was not given notice that any issue as to him was involved and thus was not a party to the proceeding, must account to the estate for the $1,800 and was entitled to a credit in the accounting for the $890 found due on the contract, and offset the amount received by the husband against the amount due on the joint contract and disallowed the wife's claim entirely. If this be considered as an attempted adjudication against the husband it is of course void as to him because rendered without due process. And as to the claimant it is erroneous because a debt due from one joint obligee cannot be offset against an indebtedness due the obligees jointly. 34 Cyc. p. 727, par. 7, p. 729 (b). However, as above indicated, if the money received by the husband from the deceased or any part of it was given as payment of indebtedness due on the joint contract, it would operate as such payment as against the claimant. A brother of the claimant's husband gave testimony which if believed by the trial judge would support a finding of full payment on the contract.

No issue of payment was raised by the objection of the executor to allowance of the claim. Nor was objection raised to non-joinder of claimant's husband. The latter objection was doubtless waived by not so raising it. Sec. 263.12, Stats. If money received from the deceased by claimant's husband was not payment on the joint contract, the claimant's recovery from the estate might probably be limited to the part of the amount due on the contract that belongs to the wife under the law or under timely agreement, if any, of the obligees, as to its division between them. These questions, however, we do not assume finally to decide, as they were not briefed.

A new trial of the case must be had. For its proper determination the parties should prepare formal pleadings to raise

such issues of fact as they may deem to exist, and if any adjudication of the liability or rights of the plaintiff's husband is sought in this proceeding he must be made a party to it and given due notice of the claims made against him.

*By the Court.*—The judgment of the county court is reversed and a new trial ordered, with directions that the parties by formal pleadings frame the issues to be tried.