## HUKILL–HUNTER CO. v. OLIVER.

### In re GURTNER.

### No. 4346.

Circuit Court of Appeals, Third Circuit.

Sept. 4, 1930.

Austin L. Staley, of Pittsburgh, Pa., for appellant.

C. M. Murphy, of Pittsburgh, Pa., for bankrupt.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

The Hukill-Hunter Company, plaintiff-appellant, petitioned the referee in bankruptcy for a rule to show cause why H. M. Oliver, trustee in bankruptcy of the estate of Louis W. Gurtner, as garnishee, should not turn over $284, the bankrupt's exemption, upon attachment execution issued on a judgment of the Hukill-Hunter Company in the court of common pleas of Allegheny county, Pa. The referee refused the petition, basing his opinion on the case of In re Sorg (D. C.) 155 F. 550. The District Court sustained the referee, and, from its decree, this appeal has been taken.

The bankrupt claimed a cash exemption of $284, which was set aside by the trustee. On September 13, 1929, the referee ordered the money to be paid to the bankrupt. Subsequent to this order, but before the payment of the money, the Hukill-Hunter Company secured the issuance of an attachment execution upon judgments containing a waiver of exemption, summoning the trustee in bankruptcy as garnishee. Judgment was taken against the trustee, as garnishee, for $284. The Hukill-Hunter Company then petitioned the referee for an order on the trustee to pay over to it the money in his hands which had been set aside as exemption to the bankrupt.

Upon answer filed by the bankrupt and argument the referee refused the order holding that the funds were in custodia legis, and certified the question to the District Court for review.

The question is whether a creditor of the bankrupt holding a judgment containing a waiver of exemption can attach an exemption set aside to the bankrupt, but in the hands of the trustee, on an attachment execution issued out of a state court.

This question has been clearly decided in favor of the right of the attaching creditor. Until the exemption has been set apart, the funds or property out of which it is claimed are part of the assets of the bankrupt's estate and in the custody of the law. But, after it has been set aside as exempt property, it constitutes no part of the assets in bankruptcy. It was so held in Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061; In re MacKissic (D. C.) 171 F. 259; In re Solomon (D. C.) 294 F. 295. The trustee held the amount of exemption as an individual and not as trustee, and the bankrupt's exemption in the hands of the trustee is subject to attachment execution issued out of the state court. In re MacKissic, supra.

The decree of the District Court is reversed, and the case is remanded for further proceedings, in accordance with this opinion.

Reversed.