In re URBAN.

CHARNESKY v. URBAN et al.

No. 8251.

Circuit Court of Appeals, Seventh Circuit.
June 10, 1943.

Philip Lehner, of Princeton, Wis., and Adolph Lehner, Howard Lehner, Lehner & Lehner and Howard Eslien, all of Oconto Falls, Wis. (George Barstow, of Menominee, Mich., of counsel), for appellant.

David Rabinovitz, of Sheboygan, Wis., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The appellant, an automobile dealer at Peshtigo, Wisconsin, entered into a sales contract on June 3, 1941, at Menominee, Michigan, to sell a Buick automobile to one James G. Urban, the bankrupt and an appellee herein, who then resided in Menominee. A chattel mortgage to secure the balance of the purchase price was executed by the purchaser and his wife at Peshtigo, Wisconsin, and the automobile was delivered to Urban. Urban later removed to Wisconsin. The mortgage was never recorded in Wisconsin. It was recorded in Michigan, but an affidavit containing certain recitals to indicate that the mortgage was a bona fide mortgage as required by the Michigan statute (Section 13424, Mason's Supp. Mich. Compiled Laws) was not executed and attached to the mortgage prior to its offer for recording in Michigan.

On June 13, 1942, while Urban was still in possession of the automobile and still owed a balance on the purchase price, he was adjudicated a bankrupt by the District Court for the Eastern District of Wisconsin. Rabinovitz, the other appellee herein, was appointed and qualified as trustee on July 9, 1942. The appellant filed a petition with the referee to recover the automobile so that he might proceed under the chattel mortgage, or in the alternative, that he be subrogated to the bankrupt's claim asserted against said automobile, and that said property claimed as exempt be assigned to him under his chattel mortgage. After a hearing, the referee dismissed the petition, and upon review the District Court affirmed the referee. From this order of the court, the appellant has appealed.

Under the circumstances, was the appellant entitled, as against the trustee in bankruptcy, to possession of and a prior right to the automobile? The bankrupt was in possession of the automobile at the time of the filing of the petition in bankruptcy. There was no notice to creditors of the appellant's interest in the automobile, as possession remained with the bankrupt until the petition in bankruptcy was filed. As we have stated before, there was no recordation of the mortgage in Wisconsin. The recordation of the mortgage in Michigan was ineffective, as the affidavit of the bona fides was not present. Under such circumstances, the mortgage was not entitled to recordation in Michigan. People v. Burns, 161 Mich. 169, 125 N.W. 740, 137 Am.St.Rep. 466. Therefore, the recordation in Michigan was not constructive notice to anyone. Since the mortgage was not recorded in Wisconsin, there was no constructive notice anywhere.

The bankrupt had possession of the automobile on the date the petition in bankruptcy was filed. As to this property, the trustee after appointment was " * * * vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists * * *." 11 U.S.C.A. § 110, sub. c. In other words, the trustee was in the most favored creditor's position and took the automobile without notice of the lien of the mortgage held by the appellant. When the trustee took possession without notice, he held the automobile for the benefit of all creditors, free from any claim of the lien of the mortgage held by the appellant. Fairbanks Steam Shovel Co. v. Wills, 240 U.S. 642,

36 S.Ct. 466, 60 L.Ed. 841. Since the mortgage was not good as against the trustee, the appellant was not entitled to possession thereof to pursue his rights claimed under the mortgage.

The fact that the mortgage was executed in Wisconsin, and as between the parties was valid, is of no consequence when presented in Michigan for recordation. The Michigan statute applies to all mortgages wherever executed if recordation thereof is sought in Michigan. The State of Michigan had the power to impose conditions or prerequisites to recordation. Failure to comply with these conditions or prerequisites warranted Michigan in its refusal to sanction the instrument.

The appellant next contends that the Michigan statute which declares a mortgage without possession in the mortgagee void "as against the creditors of the mortgagor" unless recorded as required by the statute, applies only to creditors who became such after the bankrupt acquired the automobile. In support of this proposition, counsel has cited several cases which deal with the rights between creditors and the mortgagee. Whatever may be the rights as between creditors and the mortgagee, they can have no application as to a trustee in bankruptcy, who does not merely stand in the shoes of the bankrupt. He is, in varying degrees, the statutory representative of all the parties who may have some interest in the bankrupt's estate. In re Farmers' Co-operative Co., D.C., 202 F. 1008. He has all of the rights the bankrupt had, and in addition thereto has all of the rights of a lien creditor. He is in the position of the ideal creditor, Sparks v. Kuss, 195 Wis. 378, 216 N.W. 929, 218 N.W. 208. When the automobile came into possession of the trustee, he thereby obtained priority over the appellant, holder of the unrecorded mortgage, without regard to the time when the appellant extended credit.

No authority is cited by the appellant for the proposition that since he holds a chattel mortgage that is good as between him and the bankrupt, he is entitled to be subrogated to the rights of the bankrupt in the automobile claimed under the bankrupt's right of exemption. If creditors have claims against the exempt property, the bankruptcy court is not open to litigate such rights. The bankruptcy court has only jurisdiction to set off the exemption to which a claim is made and to which the bankrupt is entitled. No interest in that property passes to the trustee, and the exempt property is no part of the assets of the bankrupt's estate subject to administration in the bankruptcy court. If the creditor has any rights against such property claimed and set off to the bankrupt as exempt, the courts of the State are the proper forum to litigate such claims. Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Stein v. Bostian, 8 Cir., 133 F.2d 586, 589.

We find no error in the record, and the judgment of the District Court is affirmed.