Ohio Casualty Insurance Company, Appellant, v. Holz & Holz, Inc., and others, Respondents.

Ohio Casualty Insurance Company, Appellant, v. Holz & Holz, Inc., and others, Respondents: Sweeney and another, Garnishee Defendants.

*June 5—July 20, 1964.*

588

590

For the appellant there were briefs and oral argument by *Crosby H. Summers* of Janesville.

For the respondents there was a brief by *Blakely, Long, Grutzner & Jaeckle* of Beloit, and oral argument by *Edward E. Grutzner*.

BEILFUSS, J. Defendant contends that under sec. 2 (a) (11) of the Bankruptcy Act, 11 U. S. Code, sec. 11 (a) (11), the bankruptcy court has jurisdiction to determine all claims of bankrupts to their exemptions; that this was done in an action in which the plaintiff appeared and contested the amount of the applicable exemption; and that the bankruptcy court's determination is therefore *res judicata* and may not be collaterally attacked in a state court.

Plaintiff argues that a determination of homestead exemption under state law by a federal bankruptcy court is not binding on a state court, citing *Roche v. Du Bois* (1937), 223 Wis. 438, 271 N. W. 84, as authority for its position.

The referee in bankruptcy determined that the applicable homestead exemption was $10,000 rather than $5,000 because plaintiff's judgment was not properly docketed prior to August 5, 1959, so as to become a lien on real estate. *Builder's Lumber Co. v. Stuart* (1959), 6 Wis. (2d) 356, 94 N. W. (2d) 630. He reasoned that the only exception to the increased homestead exemption effective that date was that of sec. 990.01 (14), Stats., providing that the lower limitation as to value applied to liens attaching prior to the effective date of increase.

Under the doctrines of *Campbell v. Mickelson* (1938), 227 Wis. 429, 279 N. W. 73, and *W. B. Worthen Co. v. Thomas* (1934), 292 U. S. 426, 54 Sup. Ct. 816, 78 L. Ed. 1344, 93 A. L. R. 173, a substantial increase in the homestead exemption, if applied to actions arising out of contracts entered into prior to the date of increase, would be an unconstitutional impairment of the obligation of a contract. This is true notwithstanding the fact that the contract cause of action had been reduced to judgment. See also Anno. 93 A. L. R. 177.

The *Roche Case, supra,* relied upon by plaintiff, relies in turn upon the general rule that exempt property constitutes no part of the bankrupt's estate and the jurisdiction of the bankruptcy court is limited to the ascertainment and setting off to the bankrupt of the exempt property. *Lockwood v. Exchange Bank* (1903), 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The *Lockwood Case* held that a creditor holding a waiver of exemptions could not assert his claim against the exempt property in bankruptcy court, but was required to enforce his claim in state courts. Accordingly the bankrupt's discharge was stayed for a reasonable time to allow the creditor to obtain the necessary judgment and execution on the homestead.

Prior to 1858 the Wisconsin homestead exemption was only available to prevent an execution sale. Judgments of courts of record were liens upon the homestead. If the judgment debtor conveyed his homestead the purchaser took subject to the lien of the judgment. *Hoyt v. Howe* (1854), 3 Wis. 660 (*752). Under the present statutes, secs. 270.79 (1) and 272.20 (1), no general judgment is a lien upon the exempt homestead. Unless there be special circumstances which deprive the judgment creditor of his day in court, we see no reason why the determination of

the bankruptcy court in the exercise of jurisdiction conferred upon it by an act of Congress should not be *res judicata* when the very question which was litigated in that court is presented to a state court. Compare *Smalley v. Laugenour* (1902), 30 Wash. 307, 70 Pac. 786, affirmed (1905), 196 U. S. 93, 25 Sup. Ct. 216, 49 L. Ed. 400, with *Bush v. Shepherd* (1949), 186 Or. 105, 205 Pac. (2d) 842.

The referee in bankruptcy had the power to determine the applicable exemption statute in this case notwithstanding the fact that the homestead exemption at the time of the filing of the petition was $10,000. *England v. Sanderson* (1956) 236 Fed. (2d) 641. Although he erroneously determined the amount of the exemption, his determination that plaintiff's judgment was not a lien on the real estate claimed to be exempt in the bankruptcy action may not be collaterally attacked. *Roche v. Du Bois, supra,* insofar as it holds to the contrary, is overruled.

What we have said disposes of the plaintiff's application for a supplementary execution against the real estate which A. B. Richards purchased from Mavis Holz on September 10, 1960. However, the consideration for that conveyance was an assignment by Richards of his interest as vendor in the Sweeney land contract of July 19, 1960. A vendor's interest in a land contract is personalty under the doctrine of *Mueller v. Novelty Dye Works* (1956), 273 Wis. 501, 78 N. W. (2d) 881. Therefore, it is not subject to a judgment lien, but must be executed against in the manner provided for personal property. Execution issued against Richards' interest in the land contract on August 9, 1960. On September 10th, when Richards assigned his interest to Mavis Holz, plaintiff had a lien thereon by reason of the levy of execution. The validity and extent of

this lien was not determined by the bankruptcy court, which indeed had no jurisdiction to do so, since Richards had no interest in the land contract at the time of the filing of the petition in bankruptcy.

Defendants argue that the bankruptcy court's determination that Richards was entitled to a homestead exemption of $10,000 should be *res judicata* as regards the execution on the Sweeney land contract. We disagree.

As noted earlier, Mavis Holz took her interest in the land contract subject to the lien of the levy of execution. She is entitled to claim Richards' homestead exemption in the proceeds. *Smith v. Zimmerman* (1893), 85 Wis. 542, 55 N. W. 956. However, we decline to apply motions of *res judicata* or collateral estoppel to a question of law determined by a court of limited jurisdiction when the same question determines an issue which was not before that court.

We note from the record that the garnishee defendants have paid $3,000 into court but apparently have not answered the garnishee summons and complaint. On remand the trial court should permit them an opportunity to do so, so that that controversy can be tried in accordance with ch. 267, Stats.

*By the Court.*—Orders reversed, and causes remanded for further proceedings consistent with the opinion.

DIETERICH, J., dissents.