In the Matter of Kurt W. ZAHN, a/k/a Kurt Walter Zahn, a/k/a Curt Zahn, a/k/a Kurt A. Zahn, Anna Zahn, a/k/a Ann Zahn, Bankrupt.

Nos. 75–B–2620, 75–B–2621.

United States District Court, E. D. Wisconsin.

June 23, 1978.

R. Arthur Ludwig, Milwaukee, Wis., for Robert G. Bramscher, trustee in bankruptcy of Kurt and Anna Zahn, appellant.

John B. Christians, Lake Geneva, Wis., for bankrupts.

REYNOLDS, Chief Judge.

This is an appeal from a decision of the bankruptcy court. Kurt W. Zahn and his wife, Anna Zahn, filed a voluntary petition in bankruptcy on November 20, 1975. They owned a farm valued at $141,000 which was their homestead, and which the trustee in bankruptcy sold free and clear of liens for an amount in excess of $25,000. The bankrupts claimed a homestead exemption in the amount of $25,000 pursuant to § 272.20, Wis.Stats. (1974).[1] That statute had been amended effective March 12, 1974, to increase the homestead exemption from $10,000 to $25,000. The trustee in his report of exempt property allowed a homestead exemption of no more than $10,000, for the reason that all of the bankrupts' debts, with one exception, were contracted prior to March 12, 1974, and therefore that to allow an exemption of more than $10,000 "would be unconstitutional invasion of the contract rights vis-a-vis judgment creditors that existed at the time that the Wisconsin statutory allowance for homestead was limited to $10,000."

On objection of the bankrupts to the trustee's exempt property report, the bankruptcy court, the Honourable Howard W. Hilgendorf presiding, held that the bankrupts were entitled to a homestead exemption in the amount of $25,000, which was the exemption in effect on the date that their petition in bankruptcy was filed. The decision is affirmed. The court cannot improve on the decision of the bankruptcy court, entered January 10, 1977, and therefore adopts that decision as its own, which is attached as an appendix to this decision, but this court will add the following comments.[2]

---

1. § 272.20 was renumbered by Supreme Court Order effective January 1, 1976, to § 815.20. See 67 Wis.2d 761 (1975).

2. Also raised on appeal is the issue of whether or not the homestead property was held in true joint tenancy. § 272.20(1) provides that the homestead exemption:

"* * * extends to land owned by husband and wife jointly or in common, and

when they reside in the same household may be claimed by either or may be divided in any proportion between them, * * *."

· Since the court affirms the decision below, it need not decide the proper manner of distribution of the portion of the homestead allowance ($15,000) presently being held by the trustee, and therefore need not decide if the homestead property was held in true joint tenancy or in common.

The trustee argues on appeal primarily (1) that pursuant to 11 U.S.C. § 110, on the date the petition in bankruptcy is filed he is vested with the rights of the bankrupts' actual creditors, and not merely with the rights of a hypothetical creditor as of the date of filing; and (2) that as to the actual creditors, with one exception, the homestead property in excess of the amount of $10,000 was not exempt property on the date the petition was filed because under state law the increased exemption was ineffective.

Section 272.20, Wis.Stats. (1974), does not require the owner of an exempt homestead to perform any particular actions in the nature of filings or recordings to perfect his homestead exemption. Compare *White, Trustee of the Estate of Pete Stump, Bankrupt v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924), with *Myers, Trustee v. Matley*, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043 (1943). It is sufficient if the homestead property is "selected by a resident owner and occupied by him." § 272.20(1). Thus the increase in the homestead exemption occurred automatically on the effective date of the statute and applied against all creditors whose interests arose after that date. As to pre-existing creditors, however, the increase does not apply. See *Ohio Casualty Insurance Company v. Holz & Holz, Inc.*, 24 Wis.2d 587, 129 N.W.2d 330 (1964).

It is the law in this circuit that the bankruptcy trustee stands in the position of a general creditor as of the date that the petition in bankruptcy is filed, and therefore that the duty of the bankruptcy court is to determine whether or not property is exempt against creditors in general as of that date, " ' * * * notwithstanding that, as to some [actual] creditors, it might not be exempt.' " *In Re Lippow*, 92 F.2d 619, 621 (7th Cir. 1937), citing Remington on Bankruptcy, Volume 3 (3d Ed. 1923) at 149. See also *Stein v. Bostian*, 133 F.2d 586 (8th Cir. 1943); *Lewis Trustee in Bankruptcy v. Manufacturers National Bank of Detroit*, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961). Thus the trustee in this case

stands in the position of a general creditor whose claim arose on November 20, 1975, the date the petition was filed, and as to such creditor, under the law of the State of Wisconsin, the $25,000 homestead exemption is valid. § 272.20, Wis.Stats. (1974). The bankruptcy court therefore properly held that the property was "exempt" within the meaning of 11 U.S.C. § 110. The trustee has conceded that property which is exempt is not within the administration of the bankruptcy court.

The judgment is affirmed.

## APPENDIX

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| In the Matters of | In Bankruptcy |
| KURT W. ZAHN and | No. 75–2620 |
| ANNA ZAHN, | No. 75–2621 |
| Bankrupts | |

## DECISION

Kurt W. Zahn and his wife, Anna Zahn, filed bankruptcy on November 20, 1975. They owned a farm valued at $141,000 which was their homestead. Although the bankrupts did not appear to have very much equity in the farm, the trustee in bankruptcy was able to sell the farm free and clear of liens so that he has in excess of $25,000 on hand. The bankrupts claim a homestead exemption in the amount of $25,000 pursuant to § 272.20 of the Wisconsin Statutes. This Statute was amended on March 12, 1974 to increase the homestead exemption from $10,000 to $25,000. The Statute also provides that where a husband and wife own land jointly and reside in the same household, the exemption may be claimed by either or may be divided in any proportion between them, but in no event shall the exemption exceed $25,000.[1] In the original schedules each spouse claimed a $25,000 exemption, but the schedules were later amended so as to claim an exemption of $24,000 for the wife and $1000 for the husband. Upon the sale of the farm it was agreed that their exemption claims would apply to the proceeds of the sale.

1. Sec. 272.20 Wis.Stats.

The trustee filed his report of exempt property on January 19, 1976 setting aside a homestead exemption "not to exceed a total of $10,000 to be divided between husband and wife." He stated as his reason: "Trustee respectfully refuses and declines to set aside as exempt the homestead of the bankrupts in excess of $10,000 on the grounds that any allowance by the trustee in excess of $10,000 would be unconstitutional invasion of the contract rights vis-a-vis judgment creditors that existed at the time that the Wisconsin statutory allowance for homestead was limited to $10,000."

It is the trustee's position that the bankrupts cannot assert the $25,000 exemption against creditors who extended credit prior to the amendment of March 12, 1974. In support of his position he relies upon the general rule of constitutional law which holds that when a state statute is passed after a contract has been entered into, and the statute so affects the creditor's remedy as to impair substantially the value of the contract, the application of the statute to that contract violates Article 1, § 10 of the U.S. Constitution. *Edwards v. Kearzey*, 96 U.S. 595, 24 L.Ed. 793 (1877); *W. B. Worthen Co. v. Thomas*, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344 (1934). This rule was applied by the Wisconsin Supreme Court to preclude the application of an increased homestead exemption to an action arising out of a contract entered into when the exemption was only $5000. *Ohio Casualty Ins. Co. v. Holz, Inc.*, 24 Wis.2d 587, 129 N.W.2d 330.

Counsel for the bankrupts objected to the Exempt Property Report of the trustee on the grounds that the creditors did not rely upon the lower exemption of $10,-000 when they extended credit, and upon the further grounds that the creditors did not have lien rights prior to the amendment of the Statute. If the court were to consider only these objections raised by counsel for the bankrupts, the objections would be overruled because there is no requirement in the constitutional rule that creditors have a judgment lien. The rule is based upon the impairment of contract and all that need be shown is that the debt was incurred prior to the amendment. *Campbell v. Mickelson*, 227 Wis. 429, 279 N.W. 73;

*W. B. Worthen Co. v. Thomas*, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344 (1934).

The question presented is extremely important to the future administration of bankruptcy cases in Wisconsin and for that reason the court feels compelled to consider other reasons not advanced in the briefs which go to the heart of the problem. The principal problem is whether a trustee in bankruptcy should examine the claims of creditors to determine if any of the creditors extended credit prior to the amendment of the homestead statute so that as to them the exemption would be only $10,000.

The basic direction to a trustee in bankruptcy may be found in § 6 of the Bankruptcy Act which provides in part:

This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition . . . [Underscoring ours.]

Rule 403(b) requires that the trustee shall examine the bankrupt's claim for exemptions and set apart such as are lawfully claimed and allowable. This report is to be filed no later than 15 days after his appointment. If no objections are filed within 15 days, the report is deemed to be approved by the Court (Rule 403(e)). It should be observed that the trustee must act very promptly and that he has only 15 days to set off the exemptions. It should be further noted that the exemptions are determined by the laws in force on the date of the filing of the petition. The problem here is what should the trustee do if the exemptions in force at the time of the filing of the petition do not apply as to some creditors.

The leading case on the subject was decided many years ago by the U.S. Supreme Court in the case of *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1902). In that case one creditor held a "waiver note" which was recognized in Georgia as a valid waiver of a homestead exemption. The question presented was stated as follows:

Has the bankruptcy court jurisdiction to protect or enforce against the bankrupt's exemption the rights of creditors not having a judgment or other lien, whose promissory notes or other like obligations to pay contain a written waiver of the homestead and exemption authorized and prescribed by the Constitution of the State, or are such creditors to be remitted to the state courts for such relief as may be there obtained?

In answering this question the U.S. Supreme Court laid down the rule of law which has been followed by bankruptcy courts since 1902. The Court held that the bankruptcy court has no jurisdiction to protect or enforce against the bankrupt's exemption, the rights of creditors who may have a written waiver of the homestead exemption. Such creditors must assert their rights in a state court and the bankruptcy court may withhold the discharge of the bankrupt for a reasonable time to give them an opportunity to do so. The U.S. Supreme Court went on to say:

Though it be conceded that some inconvenience may arise from the construction which the text of the statute requires, the fact of such inconvenience would not justify us in disregarding both its letter and spirit. Besides, if mere arguments of inconvenience were to have weight, the fact cannot be overlooked that the contrary construction would produce a greater inconvenience. The difference, however, between the two is this, that in the latter case—that is, causing the exempt property to form a part of the bankruptcy assets—the inconvenience would be irremediable, since it would compel the administration of the exempt property as part of the estate in bankruptcy, whilst in the other, the rights of creditors having no lien, as in the case at bar, not having a remedy under the state law against the exempt property, may be protected by the court of bankruptcy, since, certainly, there would exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor in the case at

bar, an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the State court of such proceedings as might be necessary to make effective the rights possessed by the creditor.

This rule has been criticized by some authors, but never overruled. For a discussion and critique see the following articles:

*Collier*, 14th Ed., 6.05

*68 Yale Law Journal*, 1459 reprinted in Vol. 33

*Referees' Journal*, 111 October 1959

*1938 Wis. Law Review* 510

The majority of the courts in construing the rights of a trustee in bankruptcy have concluded that since exempt property is not part of the bankrupt's assets, the bankruptcy court has no power to administer exempt property. More importantly, the Court of Appeals for this circuit has several times cited and followed the *Lockwood* rule. One of the earliest cases to be considered by the Court of Appeals for the Seventh Circuit arose in this district. *In re Lippow*, 92 F.2d 619. Although the case arose upon an objection to discharge for the failure of the bankrupt to itemize his wearing apparel and household furnishings in his bankruptcy schedules, the real question before the court was how to administer assets which were not exempt as to some creditors who had a claim for the unpaid purchase price.[1] In answering that question the Court of Appeals cited *Remington on Bankruptcy*, Vol. 3 (3rd Ed. 1923) p. 149, where it is stated:

Nevertheless, the law is settled differently, and seems to be, in brief, that the sole question to be determined by the bankruptcy court is whether or not the property is exempt against creditors in general. If it be so exempt, then it is to be set apart, and further administration of it refused, notwithstanding that, as to some creditors, it might not be exempt.

The soundness of this rule can best be illustrated by the problems which would arise in nearly every bankruptcy case in

---

1. Under § 272.18(30) of the Wis.Stats. property is not exempt against a creditor who has a claim for the purchase price.

Wisconsin if the trustee were required to administer assets which are not exempt as to some creditors. For example, almost every bankrupt has clothing, furniture, a television set or other exempt property for which the purchase price has not been paid. The schedules may list numerous department stores or other creditors against whom the exemptions do not apply. Under today's modern credit card system such creditors would include companies who issue credit cards because such cards are often used to purchase items which would not be exempt because the purchase price has not been paid. Should the trustee be required to take possession and sell such items of clothing and furniture because they are not exempt as to some creditors? If the trustee were to follow the same rule which he applied in the instant cases, he would be required to refuse to set off as exempt any property for which the purchase price has not been paid because as to some creditors such property would not be exempt. Thus, in practically every bankruptcy case the trustee would be required to administer exempt property because as to some creditors it would not be exempt. The mere problem of determining which creditors have claims for the purchase price of exempt property would be a time-consuming task for the trustee. It would mean that he would be required to examine every creditor who has a possible claim for the purchase price of exempt property. Obviously such administration of exempt property in the bankruptcy courts was never intended by the Bankruptcy Act. Under the rule cited in the *Matter of Lippow*, supra, it is not necessary to consider such claims because the sole question to be determined is whether or not the property is exempt against creditors in general. If it be so exempt, it is to be set apart and further administration of it refused, notwithstanding that as to some creditors, it might not be exempt.

This rule was again followed by the Seventh Circuit Court of Appeals in the case of *In re Urban*, 136 F.2d 296, 298 where the court said:

> . . . If creditors have claims against the exempt property the bankruptcy court is not open to litigate such

rights. The bankruptcy court has only jurisdiction to set off the exemption to which a claim is made and to which the bankrupt is entitled. No interest in that property passes to the trustee, and the exempt property is no part of the assets of the bankrupt's estate subject to administration in the bankruptcy court. If the creditor has any rights against such property claimed and set off to the bankrupt as exempt, the courts of the State are the proper forum to litigate such claims. *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; *Stein v. Bostian*, 8 Cir., 133 F.2d 586, 589.

In *Stein v. Bostian*, 133 F.2d 586 CA8 which was cited by our Court of Appeals, the court considered the same question and stated:

> If creditors of a bankrupt assert that property, while exempt generally, is not exempt from process to enforce their particular debts, they must resort to courts other than the court of bankruptcy to enforce payment out of such property. See *Duffy v. Tegeler*, CA8, 19 F.2d 305; *Hukill-Hunter Co. v. Oliver*, CA3, 43 F.2d 100.

The rule established by the Seventh Circuit is consistent with other decisions of the U.S. Supreme Court which have dealt with the problem as to when the bankrupt's rights to exempt property are determined. One of the earliest decisions is found in *White v. Stump* (1924) 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301. In the *White* case the bankrupt attempted to perfect a homestead exemption after he filed bankruptcy by filing a declaration required under Idaho law. Although the lower courts allowed the exemption, the Supreme Court reversed and stated:

> When the law speaks of property which is exempt and of rights to exemptions, it, of course, refers to some point of time. In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors, and the trustee in other particulars are fixed. The

provisions before cited show some expressly and others impliedly that <u>one common point of time is intended, and that is the date of filing of the petition.</u> [Underscoring ours]

A more recent decision of the United States Supreme Court which deals with the time when the rights of a trustee in bankruptcy are ascertained is *Lewis v. Manufacturers National Bank,* 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961) where the court stated:

> We think that one consistent theory underlies the several versions of § 70(c) which we have set forth viz, that the rights of creditors—whether they are existing or hypothetical—to which the trustee succeeds are to be ascertained as of "the date of bankruptcy," not at an anterior point of time. That is to say, the trustee acquires the status of a creditor as of the time when the petition of bankruptcy is filed . . .

The court is mindful of the decision by Bankruptcy Judge Bessman of the Western District of Wisconsin in the *Matter of Langley* No. 75–758 and No. 75–759 which was affirmed on January 4, 1976 (66,028 CCH.) This decision is based largely upon *England v. Sanderson,* 236 F.2d 641 decided in the Ninth Circuit. It may be true that *England v. Sanderson,* supra, holds that a trustee in bankruptcy may assert the rights of pre-existing creditors with respect to an increase in the homestead exemption. However, the rule expressed in the *England* case is a minority rule, and the court finds it difficult to reconcile the decision with the rule expressed by the U.S. Supreme Court in *Lockwood v. Exchange Bank,* supra and *Lewis v. Manufacturers National Bank,* supra. Furthermore this court believes that the decision in *England v. Sanderson,* supra, is contrary to the better reasoned decisions in the Seventh Circuit which, of course, are binding on this court.

It is important to note that in *England v. Sanderson,* supra, the court relied upon and cited *Constance v. Harvey,* CA2 (1954) 215 F.2d 571. The latter case may have been good authority in 1956 when *England v. Sanderson,* supra, was decided, but it is no longer sound authority because in 1961 the U.S. Supreme Court in *Lewis v. Manufacturers National Bank,* supra, reversed *Constance v. Harvey* with respect to the time when the rights of a trustee are ascertained when Mr. Justice Harlan in his concurring opinion stated:

> As the judge who wrote for the Court of Appeals in *Constance v. Harvey,* 215 F.2d 571, I think it appropriate to say that I have long since come to the view that the second opinion in *Constance,* 215 F.2d 575 was ill-considered. I welcome this opportunity to join in setting the matter right.

As stated above, the U.S. Supreme Court has clearly stated in *Lewis v. Manufacturers National Bank,* supra, that "the rights of creditors—whether they are existing or hypothetical—to which the trustee succeeds are to be ascertained as of the date of bankruptcy, not at an anterior period of time. That is to say, the trustee acquires the status of a creditor as of the time when the petition of bankruptcy is filed." It is also stated in *Collier,* 14th Ed. § 6.05[2] at p. 810:

> The rule is now well settled that the bankruptcy court has no jurisdiction to enforce a lien <u>or claim</u> upon exempt property and that such matters must be litigated, usually in the state courts. [Underscoring ours]

In support of the rule expressed above, *Collier* cites *Matter of Vonhee* (D.C.Wash.), 238 F. 422 where the state statute allowed claims for wages as against exempt property. The court in *Vonhee* said:

> The only question for the court to determine is whether, as against general creditors, the bankrupt's property is exempt. If it is exempt as against general creditors, the control exercised by the bankruptcy court is limited. Whether the property is subject to equities, liens, or judgments of individual or special creditors is not the concern of the bankruptcy court, and where special claims are made which take away the right of exemption as to them, the state court is the proper forum in which to proceed for the enforcement of such claims.

In support of this general rule *Collier* cites numerous cases in Footnote 14 including cases in the Seventh Circuit. It is noted that *England v. Sanderson*, CA9, 236 F.2d 641 is cited as being contrary or distinguishable from the general rule.

The *Langley* decision in the Western District of Wisconsin rests to a large extent upon a decision by the Wisconsin Supreme Court in the case of *Ohio Casualty Ins. Co. v. Holz & Holz, Inc.*, 24 Wis.2d 587, 129 N.W.2d 330. It is there stated that the Referee in Bankruptcy "erroneously determined the amount of the exemption" when he allowed a $10,000 homestead exemption instead of $5000. However, it must be noted that the only case cited by the Wisconsin Supreme Court in support of that statement is *England v. Sanderson*, supra, from the Ninth Circuit. As pointed out above, the rule in *England v. Sanderson*, supra, is a minority rule and appears to be contrary to decisions in our own Seventh Circuit. If the cases in the Seventh Circuit had been called to the attention of the Wisconsin Supreme Court, the statement with respect to the action of the Referee in Bankruptcy might well have been different. Actually this court has no quarrel with the decision of the Wisconsin Supreme Court in *Ohio Casualty Ins. Co.*, supra. It should be pointed out however that a trustee in bankruptcy, or the rights of such trustee were not involved in the case. It was simply an action between several individuals to determine their rights to a homestead exemption under the Wisconsin Statutes. The decision has no application to the question now before this bankruptcy court, and we submit that any reference to the erroneous determination of a bankruptcy referee in another case is merely dicta.

It should be further noted that the trustee's actions in the Zahn cases now before this court are similar to the erroneous ruling made by the Referee in Bankruptcy in *Lockwood v. Exchange Bank*, supra. In *Lockwood* the trustee made the correct decision when he set off the homestead exemption but a creditor holding a waiver note filed an objection. The Referee then reversed the trustee's actions and ruled in the same manner as the trustee would have

the court rule in the instant case, and held that part of the exempt property should be administered for the benefit of creditors holding waiver notes. The Referee's decision was affirmed below, but in reversing the lower court the U.S. Supreme Court stated:

> We think that the terms of the Bankruptcy Act of 1898 . . . clearly evidence of the intention of Congress that the title to the property of a bankrupt generally exempted by State laws should remain in the bankrupt and not pass to his representative in bankruptcy.

This decision has never been reversed, and must be considered the leading authority today.

A difficult problem here is that the trustee claims that only one creditor out of a total of 38 creditors extended credit after the homestead amendment, and that 37 creditors were pre-existing creditors. When the trustee attempted to prove these facts at the trial, the court ruled that such evidence was immaterial. However, so that the record is available, the trustee was allowed to submit proof as to the date when each debt arose. In the opinion of the court this evidence merely proves the well-known rule that "hard cases make bad law." There may be only one creditor who will receive a windfall in this case, but in the future we may have cases where most of the creditors extended credit after the homestead amendment. What should the trustee do in such cases? We submit that he can avoid this problem by simply following the rule established in this Circuit in *Lippow* and *Urban*. He should set off the exemptions which are in force at the time the petition is filed. If any creditors have claims that as to them a lower exemption would apply, the proper forum for establishing such claims is in the State courts as stated in *Lockwood v. Exchange Bank*, supra.

It should be mentioned that a proposed bill may soon be introduced in the Wisconsin Legislature to increase many of the outmoded exemptions which were enacted in the 19th Century. For example, the $200

exemption for household furniture in § 272.18(5) of the Statutes is clearly inadequate under today's standards of value. What if the legislature increases the household furniture exemption? Should the trustee be required to examine the schedules in every case to determine which creditors are pre-existing creditors? Under the *England v. Sanderson*, supra, rule he would be required to set off as exempt only $200 worth of household furniture and sell the remainder for the benefit of pre-existing creditors. This hypothetical situation illustrates the wisdom of the Seventh Circuit rule expressed in *Lippow*. Under the *Lippow* rule the trustee will not be concerned with the rights of pre-existing creditors. He will simply set off the exemptions which apply to creditors generally on the date of bankruptcy, and those creditors who claim some special right to exempt property must assert their rights in the state courts.

For the reasons stated this court holds that the duty of a trustee in bankruptcy is to set off the exemptions which exist as to creditors generally on the day of filing bankruptcy. The trustee should not be concerned with the rights of creditors who may have liens or special claims against exempt property. Such creditors may foreclose their liens against exempt property in the state courts, or if they do not have liens but merely claim that the exemption does not apply as to them, they may then apply to the bankruptcy court for relief from the automatic stay provided in Rule 401 so that they can proceed in the state courts against the exempt property. Although it might be more convenient for the bankruptcy court to adjudicate the rights of all parties to exempt property, convenience is not sufficient reason to ignore the rule of the U.S. Supreme Court as expressed in *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1902). In the instant case the trustee is directed to allow a homestead exemption of $25,000 which is to be divided between the husband and wife in such manner as they direct. Since no creditors have requested permission to proceed in the state courts, and since a discharge of all debts has already been granted[1] to the bankrupts, creditors who do not hold a valid lien against the exempt homestead are not in a position to make any claim against the proceeds.

This decision shall constitute the findings of fact and conclusions of law by the court. The attorney for the trustee is requested to submit an appropriate order.

Dated at Milwaukee, Wisconsin, January 10, 1977.

s/ Howard W. Hilgendorf
HOWARD W. HILGENDORF
Bankruptcy Judge

---

1. The discharge was granted to both husband and wife on Feb. 5, 1976.