**In re NASLUND.**

No. 32830.

District Court, W. D. Washington, N. D.

Oct. 9, 1933.

Newton & Newton, of Everett, Wash., for trustee.

Wm. A. Johnson, of Everett, Wash., for bankrupt.

NETERER, District Judge.

From an order of the referee denying the exemption claim of the bankrupt to the homestead of the bankrupt and his deceased wife before death, review is sought by the bankrupt; and review is sought by the trustee of the allowance of the claim of the bankrupt to household furniture and equipment as exempt and $250 in lieu of other property.

At bar, on hearing, the court affirmed the order allowing the furniture and equipment, and the in lieu allowance.

It is shown that the bankrupt's wife died on the 12th day of January, 1931, and on the 16th day of January following her will was admitted to probate. The bankrupt was appointed and qualified as executor and entered upon the discharge of such duties. Small

bequests were made to each of three children, and the remainder to the bankrupt.

On April 11, 1931, the estate was appraised at $22,850. Before the wife's death, the bankrupt, for the community, owned and operated a grocery business, and continued to operate the same thereafter, replacing stock in trade as occasion demanded, and paid creditors of his business in the usual course. This continued until the 22d day of December, 1932, when the bankrupt made an assignment for the benefit of creditors.

On the 24th day of March, 1933, the bankrupt filed a petition in the probate court asking that there be set aside for him, as surviving spouse, in lieu of the homestead, property of the estate to the value of $3,000, including the home and furniture. This petition set forth that the funeral expenses and expenses of last illness of the deceased had been paid, that the costs of administration had been provided for, and that neither the decedent nor the surviving spouse had filed a declaration of homestead.

On April 20, 1933, an order of adjudication was entered in bankruptcy. On June 6, 1933, a hearing was had on the bankrupt's petition for a homestead award upon due notice, as provided by state law, and an order was entered by the probate court setting aside the home, furniture, and household goods of the appraised value of $1,700, and some other property not in issue.

■■■ I think the referee erred in the consideration of this claim of exemption by ignoring the state court probate court proceedings. The probate court of the state acquired jurisdiction of the entire estate, and would retain it until disposed of in the manner provided by law. The irregular conduct of the executor would in no sense oust the probate court of jurisdiction. Adjudication in bankruptcy did not oust the probate court's possession of the estate. While it had jurisdiction, it had the right to make such disposition of the property in due course of administration as was warranted by the law of the state, and it would appear from the record that the probate court proceeded in harmony with section 1473, Rem. Comp. Stat. of Washington, as amended by Laws Wash. 1927, p. 230, § 1 which provides that:

"If it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered, then the court after hearing and upon being satisfied that the funeral expenses, expenses of last sickness and of administration have been paid or provided for, and upon petition for that purpose, shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars * * * and such award shall be made by an order or judgment of the court and shall vest the absolute title, and thereafter there shall be no further administration upon such portion of the estate so set off, but the remainder of the estate shall be settled as other estates."

It is obvious that the probate court had jurisdiction. It entered judgment in harmony with the statute. This judgment has not been reversed or modified, and is res judicata in this court of the matter in issue. The order of the referee is therefore reversed, except as hereinbefore affirmed.