John O. ENGLAND, Trustee of the Estate of Daniel E. Sanderson, Bankrupt, Appellant,

v.

Daniel E. SANDERSON, Bankrupt, Appellee.

No. 14953.

United States Court of Appeals
Ninth Circuit.

Sept. 10, 1956.

Rehearing Denied Oct. 12, 1956.

Shapro & Rothschild, Daniel Aronson, Jr., San Francisco, Cal., for appellant.

Jefferson E. Peyser, Leonard S. Lurie, San Francisco, Cal., for appellee.

Craig, Weller & Laugharn, Frank C. Weller, Hubert F. Laugharn, C. E. H. McDonnell, Thomas S. Tobin, Los Angeles, Cal., amici curiae.

Before ORR, McALLISTER, and BARNES, Circuit Judges.

ORR, Circuit Judge.

Appellee Sanderson was adjudged a bankrupt on April 13, 1954, pursuant to a voluntary petition theretofore filed. Appellant England has been elected trustee.

On February 26, 1954, Sanderson, hereafter "bankrupt," filed a declaration of homestead pursuant to California law.

We are here concerned with the question of whether the bankrupt is entitled to an exemption of $12,500, the amount stated in Calif.Civ.C. § 1260 in force and effect at the time of filing his petition; or whether the exemption should be limited to $7,500, the amount allowed under California law at the time he became indebted to several of his creditors.[1] For the purpose of clarity we will refer to those creditors in existence before the amendment to the exemption law as "pre-existing creditors" and to those creditors that came into existence after the amendment as "subsequent creditors."

The trustee allowed an exemption of $7,500. The Referee disagreed and allowed an exemption of $12,500. The District Court sustained the Referee. The California courts have construed § 1260 as having only a prospective effect in that creditors whose debts arose prior to the amendment would have the benefit of the lower exemption.[2]

The Referee and the District Court recognized this construction of § 1260, but in determining the exemption as defined in § 6 of the Bankruptcy Act,[3] reached but one phase of the problem.

§ 6 of the Bankruptcy Act reads in part:

"This Act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months * * *."

The holding of the District Court that the California law at the time of filing the petition allowed an exemption of $12,500 is correct insofar as subsequent creditors are concerned, but overlooks the construction placed upon § 1260 by the California courts. The amended exemption limit has no application to pre-existing creditors; hence as to pre-existing creditors the exemption could be no more than $7,500. California law at the time the petition was filed was equally emphatic as to the rights of pre-existing creditors as it was to subsequent creditors. The trustee in taking title of all the bankrupt's property above

---

1. The homestead exemption to the head of a family was increased from $7,500 to $12,500 on September 15, 1953.

2. Application of Rauer's Collection Co., 1948, 87 Cal.App.2d 248, 196 P.2d 803; accord, In re Fox, D.C.S.D.Cal.1936, 16 F.Supp. 320. In the Rauer case, the Court held that the 1945 amendment to the California homestead exemption did not increase the amount of homestead exemption allowable as against a creditor existing before the amendment. The reasoning of the Court was stated as follows:

"'* * * Statutory provisions creating new, or increasing old, exemptions have been considered several times by the United States Supreme Court, and it has uniformly held that their application to executions based on pre-existing contracts would violate the provision of the Federal Constitution above referred to.'" 87 Cal.App.2d at page 253, 196 P.2d at page 807.

3. 11 U.S.C.A. § 24.

$7,500 was acting for the benefit of and in accordance with the legal rights of pre-existing creditors as well as other creditors.

The District Court having determined that $12,500 was the sole exemption that could be allowed, was then confronted with the fact that a $5,000 differential existed between the exemption allowed as to pre-existing creditors and the exemption for subsequent creditors. It resolved that problem by holding that pre-existing creditors would have recourse to state courts to recover this amount.

In support of the holding of the District Court, appellee relies on Lockwood v. Exchange Bank, 1903, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061. In the Lockwood case there had been a waiver by the bankrupt of homestead rights, insofar as a certain debt secured by a promissory note was concerned. The waiver-holder excepted to the trustee's setting off the homestead exemption, since that creditor could then not reach the homestead if the bankrupt was discharged from his debts.[4] The Lockwood case is clearly distinguishable from the instant case. Recognizing that the bankruptcy could did not have jurisdiction over exempt property, the Supreme Court of the United States in the Lockwood case held that the waiver-holder must enforce his claim in the state courts, and the bankrupt's discharge should be stayed for a reasonable time to allow the creditor to obtain the necessary judgment and execution on the homestead.

Here, the trustee in bankruptcy, under § 70, sub. c of the Bankruptcy Act,[5] assumed the rights of a pre-existing creditor, and brought the $5,000 difference into the bankrupt estate as nonexempt property. In doing so, he made *no invasion of exempt property* under California law, because the pre-existing creditors have rights against the bankrupt estate in excess of $7,500, and the trustee asserts their rights for the benefit of all the creditors.

The trustee is given under § 70, sub. c of the Bankruptcy Act[6] all the rights, remedies, and powers of a hypothetical creditor holding a lien obtained by legal or equitable proceedings at the time of bankruptcy. Since a pre-existing creditor could have obtained a lien by legal or equitable proceedings at the date of bankruptcy under state law, the trustee takes the $5,000 difference for the bankrupt estate to be distributed among the general creditors.[7]

To relegate the pre-existing creditors to the state courts is to ignore their rights in the $7,500 exemption and place them in a position where one creditor, because of prompt action, might get all the $5,000 difference in the hands of the bankrupt to the exclusion of all other pre-existing creditors.[8]

Such an unfair result is contrary to the policy of the Bankruptcy Act. Its policy is not to subject creditors to the

---

4. Under the law of Georgia, waiver of homestead exemption was allowed, and the waiver-holder had to obtain judgment and levy execution on the homestead. If the debt in question was discharged in bankruptcy prior to judgment, the creditor's rights in the homestead would be defeated.

5. 11 U.S.C.A. § 110, sub. c.

6. § 70, sub. c provides, insofar as pertinent:
   " * * * The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists."

7. Constance v. Harvey, 2 Cir., 1954, 215 F. 2d 571; Sampsell v. Straub, 9 Cir., 1951, 194 F.2d 228, certiorari denied 343 U.S. 927, 72 S.Ct. 761, 96 L.Ed. 1338.

8. The bankrupt retains only $7,500 in any case. By administration of the $5,000 difference in the Bankruptcy Court all general creditors take a share.

haphazard chance of "grab law." Its chief purpose is to afford all creditors an equal opportunity to realize on their indebtedness.

The trustee, being entitled to take possession of all the estate in excess of $7,500 in protection of pre-existing creditors' rights, must distribute it according to the terms of the Bankruptcy Act, which requires distribution in dividends of equal percentum on all allowed claims. Moore v. Bay, 1931, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133.

Reversed.