Hyacinth FLICKINGER, Appellant,

v.

Donald McGAVICK, Trustee in Bankruptcy of the Estate of Hyacinth Flickinger, Appellee.

No. 15921.

United States Court of Appeals Ninth Circuit.

Dec. 8, 1958.

O. O. McLane, J. Peter P. Healy, Tacoma, Wash., for appellant.

Donald H. McGavick, Edward M. Lane, Tacoma, Wash., for appellee.

**594**

Before HEALY, HAMLEY, and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge.

This is an appeal from an order of a bankruptcy court confirming an order of the referee authorizing the sale of certain real property. The property, situated in Pierce County, Washington, had previously been set aside to Hyacinth Flickinger, the bankrupt and appellant, in lieu of homestead. It had also been made the subject of a declaration of homestead in her favor. Appellant contends that the status thus acquired by this property precluded forced sale of the property in the bankruptcy proceeding.

Fredrick F Flickinger died on November 5, 1956, leaving Hyacinth Flickinger as his surviving spouse. Probate of his estate was instituted in the superior court of the State of Washington for Pierce County. On January 3, 1957, the net estate, including the real property here in question, was appraised at $5,-807.42. Pursuant to RCW chapter 11.52, the probate court entered an order setting aside and awarding this entire net estate to Hyacinth Flickinger in lieu of homestead.[1] The superior court order accomplishing this is dated March 26, 1957.

On May 7, 1957, Mrs. Flickinger declared a homestead in the same real property, in accordance with RCW chapter 6.12.[2] On May 14, 1957, she filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt the next day. All claims filed in the bankruptcy proceeding were in existence prior to the death of Mr. Flickinger.

A trustee in bankruptcy was thereafter appointed and qualified. An appraiser appointed by the trustee made an informal report on August 18, 1957. He stated in this report that he believed he could sell the homestead for $15,000. On the basis of this report, the trustee petitioned the referee for authority to sell the real property.

Following a hearing on this petition, the referee, on September 24, 1957, made an order authorizing the sale of the property.[3] It was provided in this order that on such sale the property would pass free and clear of all valid liens and encumbrances, but that all such liens and encumbrances would attach to the net proceeds of the sale. The effect of this order, as the bankruptcy court later found, was to reserve to Mrs. Flickinger net proceeds of the sale in the sum of $6,000.

On October 3, 1957, the bankrupt filed in the bankruptcy court a petition for review. A hearing was held, following which the court, on February 13, 1957, entered an order confirming the order of the referee. A motion for reconsideration was thereafter made and denied. This appeal was then instituted.

Appellant contends that the order of the state probate court setting aside the property in question in lieu of homestead is res judicata as to the value of property at the later date of bankruptcy adjudication. In re Naslund, D.C., 6 F.Supp. 109, and other cases are cited in support of this view.

A trustee in bankruptcy is vested by operation of law with the title of the bankrupt to specified kinds of property, including the kind here in question, "except insofar as it is to property which is held to be exempt * * *." Section 70, sub. a of the Bankruptcy Act, as amended, 11 U.S.C.A. § 110, sub. a. Section 6 of the act, 11 U.S.C.A. § 24, declares that the provisions of the act shall not affect the allowance to bankrupts of the exemptions "which are prescribed by the State laws in force at the time of the filing of the petition" in the state where the bankrupt has had his domicile. Under these statutory provisions, a homestead is exempt from bankruptcy administration if, under the state law, it would be held to

1. Under RCW 11.52.010, an award in lieu of homestead may not exceed a value of $6,000.

2. Under RCW 6.12.050, the net value of a homestead may not exceed $6,000.

3. At this hearing, it was agreed by all parties that the property is indivisible.

be exempt from the claims of creditors. Myers v. Matley, 318 U.S. 622, 624, 63 S.Ct. 780, 87 L.Ed. 1043.

The creditor's claims which the trustee seeks to enforce were in existence before the real property was set over to Mrs. Flickinger in lieu of homestead. RCW 11.52.016 provides that such an award "shall be conclusive and final, except on appeal and except for fraud. * * *" It also provides that the property when set aside in lieu of homestead "shall be exempt from all claims for the payment of any debt of the deceased or of the surviving spouse existing at the time of death * * *." In the Washington statutes relating to the award of property in lieu of homestead there is no provision giving pre-existing creditors any future claim against the property based upon asserted original undervaluation or subsequent increased valuation.

It would therefore seem that appellant's res judicata contention might have merit if, at the time this matter was before the referee, the status of the property was that of property set aside in lieu of homestead.[4]

■ In our view, however, the property did not then have that status. So-called probate homesteads are, as the statute plainly states, "in lieu" of declared homesteads. They cannot be awarded if a homestead has already been claimed. RCW 11.52.010; 016.[5] It follows that they are in effect abandoned as such, if a homestead is thereafter claimed. The clear policy of the Washington law is that one may not at the same time enjoy the protection afforded by an "in lieu" award and that afforded by a claim of homestead.

■ Appellant voluntarily chose to substitute the protection afforded by a claim of homestead for that afforded by the "in lieu" award. The "in lieu" award provided protection only against pre-existing creditors, but as to them the protection may have been complete—precluding a future reappraisal. The claim of homestead, on the other hand, provided protection against all creditors, past and future (with exceptions not here relevant), but a procedure for obtaining a reappraisal is specifically provided.[6] Appellant voluntarily chose to change the homestead status of her property, and must accept the detriments as well as the benefits which go with her decision.

It follows that if appellant is to prevail here it must be on the basis of the general homestead laws of Washington, and not the "in lieu" statutes. As to the general homestead laws, appellant argues that the validity of a homestead declared thereunder may be contested only "in a court of general jurisdiction."[7] She contends that federal courts, including bankruptcy courts, are courts of special and limited jurisdiction, and that such courts therefore have no jurisdiction to entertain such a contest.

---

4. In re Naslund, supra, is not clearly in point, however, since the probate proceedings were there in progress when the matter came before the bankruptcy court.

5. These statutes read in part as follows: "11.52.010. If it is made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the person whose estate is being administered * * *." "11.52.016. * * * The awards in RCW 11.52.010 through 11.52.024 provided shall be in lieu of all homestead provisions of the law and of exemptions. * * *"

6. RCW 6.12.140–280. It is there provided that when execution for the enforcement of a judgment is levied upon the homestead the judgment creditor may claim that the value of the homestead exceeds the amount of the homestead exemption, and apply to the superior court for the appointment of appraisers. If the appraisers determine that the value of the property exceeds the homestead exemption, they must determine whether the land is divisible without material injury. On the basis of the appraisers' report, the court then may direct that execution be enforced against a portion of the land, or may order the entire property sold and the net proceeds in excess of the homestead exemption applied to the satisfaction of the execution.

7. The quoted words are from RCW 6.12.-090.

The validity of appellant's declaration of homestead has not been challenged in this proceeding. Giving full recognition to the validity of that declaration, the referee sought only to make the excess value available to creditors. He followed a procedure equivalent to that which is provided in RCW 6.12.140 to 280. By virtue of § 70, sub. c of the Bankruptcy Act, the referee had jurisdiction to pursue this course. See England v. Sanderson, 9 Cir., 236 F.2d 641.[8]

Affirmed.

---

8. We need not decide whether appellant has appropriately characterized federal courts as courts "of special and limited jurisdiction."