**In re George L. PAPPAS, Kalliroy Pappas, Bankrupts.**

**Bankruptcy Nos. BK–79–10863 AP, BK–79–10864 AP.**

United States Bankruptcy Court, C. D. California.

Jan. 7, 1980.

Charles W. Daff, Santa Ana, for debtor.

John P. Stodd, in pro. per.

## MEMORANDUM OPINION

AARON K. PHELPS, Bankruptcy Judge.

In 1973, the bankrupts became indebted upon a federal government guaranteed student loan. At that time the California homestead exemption was $20,000. Effective January 1, 1977, the homestead exemption was increased to $30,000 and effective January 1, 1979, was increased to $40,000.

The trustee has filed his report of exempt property denying any homestead exemption in excess of $20,000, to which report the bankrupts have objected.

Section 6 of the Bankruptcy Act grants to bankrupts exemptions which are prescribed by "laws in force at the time of the filing of the petition . . ." *Application of Rauer's Collection Co.*, 87 Cal.App.2d 248, 196 P.2d 803, establishes the California law that an increase in the statutory exemption amount cannot be constitutionally applied retroactively, that is, cannot be applied as against a pre-existing contractual obligation.

The trustee relies upon *England v. Sanderson*, 236 F.2d 641 (9th Cir. 1956). The bankrupt suggests that *Sanderson* is no longer a correct statement of the law, arguing that that case rested on *Constance v. Harvey* (2d Cir. 1954) 215 F.2d 571, which case has been overruled by the United States Supreme Court in *Lewis v. Manufacturer's National Bank*, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961).

I do not recognize the Supreme Court's holding in *Lewis v. Manufacturer's National Bank* as infringing upon the authority of *England v. Sanderson* in any way. In my opinion, the statement in *Sanderson* that "since a pre-existing creditor could have obtained a lien by legal or equitable proceedings at the date of bankruptcy under state law, the trustee takes the $5,000 difference for the bankrupt estate to be distributed among the general creditors" is a correct statement of the law.

It may well be that *Sanderson*'s reliance upon Section 70c is erroneous for two reasons. First, Section 70c deals with a *hypothetical* creditor, whereas both here and in *Sanderson* we deal with the rights of an *actual* creditor. Secondly, the Supreme Court in the *Lewis* case made it clear that Section 70c hypothesizes a creditor who extends credit on the date of filing bankruptcy, not as of some earlier date. But both here and in *Sanderson* we deal with the rights of a creditor who extended credit much earlier, prior to the statutory amendment, in whose shoes the trustee seeks to

140

stand. But Section 70e deals with the powers of the trustee to stand in the shoes of any creditor having a provable claim, and in my opinion furnishes ample basis for the holding in *Sanderson* that the trustee can assert the rights of *actual* creditors rather than hypothetical creditors.

It is also probable that a few more facts need to be added. In *Sanderson* the implication is that there were quite a number of pre-amendment creditors and that their claims totalled far in excess of the $5,000 increase in the amount of the homestead exemption. As to all of the pre-amendment creditors, whatever the total amount of their claims might be, each of those creditors, absent bankruptcy, would be entitled to levy upon the homestead property and reach any excess value in the homestead over and above the earlier homestead exemption amount.

As I read *Sanderson*, its ruling is not necessarily in conflict with *Swenor v. Robertson* (D.C., N.D.Cal.1978) 452 F.Supp. 673. In *Swenor* there was only one creditor whose claim arose prior to the effective date of the statute increasing the amount of the homestead exemption. The court held that the earlier exemption applied as to the amount of the claim of the one pre-amendment creditor only.

In one respect I am of the opinion that *Swenor* is either unclear or perhaps mistaken. *Swenor* cites Treister's article, "The Effect In Bankruptcy Of The Increased Homestead Exemption", 39 J.St.B.Cal. 143 (1964) and seems to follow the language of that article in deducting from the new exemption amount the pre-amendment claims. Such a computation does not result in the correct solution.

Instead, the proper exemption to be allowed is to be determined in three steps. First, the exemption amount in effect before the increase in the homestead exemption, in this case $20,000, is set aside for the debtor. Next, the trustee is entitled to an amount equal to the claim or claims as to which the increase in the exemption is ineffective. Then as a third step the bankrupt is entitled to the balance of the increase in the exemption. In other words, the trustee stands exactly in the shoes of the pre-amendment creditor or creditors. Those creditors are entitled to the first dollars in excess of the original exemption, not the *last* dollars of the new exemption. This could make a very substantial difference if the value of the homestead over and above liens and encumbrances were only, say, $25,000.

Here there is only one claim which predates the amendment. The student loan was apparently in the original amount of $1887.67. What payments have been made upon the claim, and what interest has accrued on the claim is at present unknown to the court, and must be ascertained before final judgment can be made in this case.

This memorandum opinion shall constitute findings of fact and conclusions of law pursuant to F.R.C.P. 52a. Entry of a judgment will await the determining of the exact amount owing upon the student loan.