**In the Matter of Frank ECHAVARREN, Flora M. Echavarren, Bankrupts.**

**Bankruptcy No. 79–01100/1.**

United States Bankruptcy Court, D. Idaho.

Jan. 11, 1980.

Richard D. Greenwood, Twin Falls, Idaho, for trustee.

Emil F. Pike, Twin Falls, Idaho, for bankrupt.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

This matter is before the court upon bankrupt's objection to trustee's report of exempt property. Bankrupt claims a $25,000.00 exemption on certain real property, which exemption is based upon a declaration of homestead filed by bankrupt on March 28, 1975. At that time the value of a homestead exemption in Idaho was $10,000.00. The Idaho legislature in 1979 amended Section 55–1201 I.C. to increase the value of the homestead exemption from $10,000.00 to $25,000.00 for the head of a family. This increase became effective on July 1, 1979 before bankrupts filed their petition herein on July 31, 1979.

All but a very minor part of bankrupts' general indebtedness of some $139,000.00 was incurred prior to the increase in the homestead value. The bankrupts' schedules indicate that most of the major indebtedness owed by bankrupts on the date of bankruptcy was incurred between 1976 and 1979.

Trustee does not challenge the validity of the declaration of homestead or that the increased exemption can operate prospectively. He does contest the right of debtors to have it operate retroactively to preamendment creditors.

The Bankruptcy Act of 1898, Section 6, states: "This title shall not affect the allowance to bankrupts of the exemptions which are prescribed * * * by the State laws in force at the time of the filing of the petition, * * *." The applicable State law in force at the time of bankrupts' filing provides a homestead of the value of $25,000.00 on real property over and above liens and encumbrances. Although Section 6 is unambiguous, the Courts have had considerable difficulty applying it where to allow a current exemption retroactively increases the exemption as to those creditors who contracted with the bankrupt while the

lower exemption was in effect. The federal cases which have considered this issue and a majority of state court decisions have held that an unreasonable increase in exemptions if applied retroactively is a violation of Article I, Section 10 of the United States Constitution, as an impairment of contracts by State legislation. The Idaho State Constitution has the same provision. (Article I, Section 16, Constitution of the State of Idaho.)

The Idaho Supreme Court has never been called upon to rule upon the question of whether or not an increase in homestead exemption applied retroactively is a violation of the contract clause. The U.S. Supreme Court in the case of *Edwards v. Kearzey*, 96 U.S. 595, 24 L.Ed. 793, held that a State Statute which doubled the homestead exemption was unconstitutional as an impairment of the obligation of contracts as applied to obligations incurred as the result of contracts executed prior to the increased exemption. This case was decided in 1878 and has never been overruled or modified by the U.S. Supreme Court. It was followed in the case of *W. B. Worthen Co. v. Thomas*, 292 U.S. 426, 54 S.Ct. 816, 78 L.Ed. 1344 (1934). Several State Appellate Courts have applied the same rule. See *Application of Rauer's Collection Company Inc.*, 87 Cal.App.2d 248, 196 P.2d 803 (1948); *Ohio Casualty Insurance Company v. Holz Inc.*, 24 Wis.2d 587, 129 N.W.2d 330. See also the annotation found in 93 A.L.R. commencing at page 177.

Two recent State Appellate Court decisions have held that a reasonable increase in exemptions does not result in impairment of contracts when applied retroactively: *Wilkinson v. Carpenter*, 277 Or. 557, 561 P.2d 607 (1977), and *Hooter v. Wilson*, 273 So.2d 516 (La.1973). Both of these State Court decisions review the U.S. Supreme Court decisions relating to the impairment of contract clause and the Oregon court concludes:

"Undoubtedly, any increase in the statutory homestead exemption may impair the value of some pre-existing contracts, at least indirectly, by exempting additional assets from execution and thereby restricting the remedy available for breach. However, if the statutory remedy of sale on execution, ORS 23.410 et seq., is to be read into the contract between the plaintiff and the defendant, the reserved power of the state to increase the statutory exemptions for the protection and welfare of its people must also be included. *El Paso v. Simmons*, supra, 379 U.S. [497] at 508, 85 S.Ct. 577 [13 L.Ed.2d 446], *Homebuilding and Loan Association v. Blaisdell*, supra, 290 U.S. [398] at 434–35, 54 S.Ct. 231 [78 L.Ed. 413]. So long as the increase is reasonable and does not destroy the value of the contract by destroying any meaningful remedy, it does not violate the contract clause. 'In all such cases the question becomes, therefore, one of reasonableness, and of that the legislature is primarily the judge.'" 290 U.S. at 430, 54 S.Ct. at 237.

I am of the opinion that the Oregon Court properly analyzed the modern application of Article 1, Section 10 of the United States Constitution to the extent that it decided that an increase in a homestead exemption does not per se impair the obligation of contracts, if it was a reasonable one and in furtherance of a valid social, economic, or protective function of the State. However, I am not convinced that the increase made by the Idaho legislature can be considered reasonable when given a retroactive application to creditors who advanced credit under the preamendment exemption. The increase in value from $10,000.00 to $25,000.00 is the largest single increase in homestead that has been called to my attention. It is two and one half times the exemption that existed when the great bulk of the debts in this matter were incurred. This is a one hundred and fifty percent increase as compared to the increase being discussed by the Oregon Court in *Wilkinson v. Carpenter*, supra, where the exemption was increased from $7,500.00 to $12,000.00. This amounts only to a thirty-seven and one half percent increase.

The Oregon Supreme Court and counsel for bankrupts herein rely on *Homebuilding*

and *Loan Association v. Blaisdell*, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413 (1934), to say that a reasonable increase is constitutional. They do not mention *W. B. Worthen Co. v. Thomas*, supra. It was decided by the same court that decided *Homebuilding v. Blaisdell*, and in the same year but at a later date in that year. The court unanimously held that an increase in exemptions violated the contract clause, if applied retroactively.

For the foregoing reasons, I conclude that the Idaho increase, if applied retroactively is a violation of Article I, Section 10, U.S. Constitution.

 If the increase in homestead exemption cannot be applied retroactively as to preamendment creditors, the problem then becomes what exemption is to be allowed in the bankruptcy situation. The debtors urge the solution adopted by the Court of Appeals for the 7th Circuit in the case of *In re Zahn*, 605 F.2d 323, 5 B.C.D. 710 (1979), which holds that the exemption in effect at the time of the commencement of the bankruptcy case must be allowed, but that discharge should be delayed to allow individual creditors the opportunity to pursue, in local courts, their constitutional right to levy on property which was subject to a lower exemption at the time the obligation was incurred. This decision followed the theory of the U.S. Supreme Court in the case of *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1902). This method of applying the exemption has disadvantages. First, it results in a delay in administration of the bankrupt estate, and secondly, delays bankrupt's discharge to his disadvantage. Thirdly, it can result in an inequitable distribution of the assets of the bankrupt as a result of a race to judgment in state courts. In addition to the above disadvantages of this rule, we in the Ninth Circuit are controlled by the case of *England v. Sanderson*, 236 F.2d 641 in which the Court of Appeals held that a trustee could assert the rights of those creditors who could have challenged the constitutionality of an increase in value of an exemption and that any assets recovered by such trustee as a result of asserting this

right are to be distributed on a pro rata basis to all creditors of the same class. At the time this decision was issued, the case of *Lewis v. Manufacturer's National Bank*, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1960) had not been decided by the U.S. Supreme Court. In that case the Supreme Court stated "That the rights of creditors— whether they are existing or hypothetical— to which the trustee succeeds are to be ascertained as of 'the date of bankruptcy', not at an anterior point of time." In *Swenor v. Robertson*, (N.D.Cal., 1978) 452 F.Supp. 673, Judge Peckham holds that the present Court of Appeals would modify *England v. Sanderson* in view of the *Lewis v. Manufacturer's National Bank* decision to hold that a trustee's rights as a hypothetical creditor exist only as of the time of bankruptcy. As a result of this probable effect, and in which I concur, Judge Peckham adopted a third solution to the bankruptcy exemption problem, which I find to be the best and which I will follow. This solution is to allow the trustee to reach, for the benefit of general creditors, that portion of the difference between the original exemption value and the new value as would be subject to levy by actual creditors holding preamendment claims. Thus, if preamendment claims total $15,000.00 or more, the exemption to the bankrupt would be in effect $10,000.00. If preamendment claims are less than $10,000.00, i. e. $5,000.00, the debtor would receive in effect a $20,000.00 exemption. If this method of allowing the exemption is followed, it means in this case that bankrupts will in effect receive only the preamendment exemption of $10,000.00 because virtually all of their creditors were in existence prior to the amendment of the Idaho Statute. The rationale for this rule is as follows:

"Such a solution does no violence to the theory of Section 70c, and recognizes for Section 6 purposes that the exemption 'in force' at the date of bankruptcy is * * ($10,000.00 in Idaho) as to some creditors and * * * ($25,000.00 in Idaho) as to others. It has the advantage of avoiding the possibly harsh consequences for the bankruptcy which the extension of *Moore*

*v. Bay* entails, namely that under that rule a bankruptcy might well loose * * ($15,000.00 in Idaho) of his homestead exemption merely because one creditor holds a $1.00 claim arising prior to * * (July 1, 1979). It gives creditors as a group the same rights to the homestead as they collectively would have had outside of bankruptcy, yet it distributes the nonexempt portion of the homestead in bankruptcy ratably, and avoids any undesirable 'grab law' result." Treister: The effect in Bankruptcy of the Increased Homestead Exemption 39 J.St.B. Cal. (1964).

(I have substituted the Idaho figures for the California exemption figures and dates found in the original quotation).

For the foregoing reasons I find that the exemption to be allowed the bankrupts in the case at bar is $10,000.00, as to creditors existing prior to July 1, 1979, and $25,000.00 as to creditors created after July 1, 1979.