NELSON, Circuit Judge.
California bankrupt Alfred Bassin appeals from a bankruptcy court order, affirmed by the district court, which upheld the Trustee determination that Bassin was entitled to a homestead exemption under California Civil Code § 1260,1976 Cal.Stats., ch. 132, § 1 (current version at Cal.Civ.Code § 1260 (West Supp. 1979)), of $20,000. Bassin. argues that his exemption should instead be the $30,000 amount in effect under that statute at the time he filed his petition in bankruptcy. We affirm the district court order.
FACTUAL BACKGROUND
Bassin recorded a California homestead on March 5, 1977, prior to filing a petition in bankruptcy in that state on' April 4,1977. At that time, California Civil Code § 1260, which governs homestead value and exemptions, provided for a homestead exemption in the amount of $30,000, which amount had become effective by amendment as of January 1, 1977. Previous to the amendment, § 1260 had allowed an exemption of $20,000. The bankruptcy schedules show that at the time of the filing of Bassin’s petition in bankruptcy, there existed at least twenty-seven creditors whose claims in undisputed amounts in excess of $53,019 arose prior to the January 1, 1977, amendment date. Because there were creditors involved in the bankruptcy proceeding, to whom Bassin had become indebted prior to the increase in the homestead exemption, the trustee found that Bassin was entitled to an exemption in the pre-amendment amount of' $20,000 rather than the $30,000 amount in effect at the date of filing. The trustee valued the equity in the homestead at approximately $38,000 and claimed the $18,000 excess over the pre-amendment exemption as part of the bankrupt estate.
Bassin filed an objection to this aspect of the trustee’s determination of exempt property, contending that $30,000 rather than $20,000 of equity in his homestead was exempt pursuant to § 1260 and, as such, not part of the bankrupt estate. He reasoned that creditors whose claims antedate the effective date of the amendment are able to pursue their interests in any exempt property only in separate state court proceedings because such property is not subject to the trustee’s administration. The bankruptcy court, however, disagreed with Bassin’s objection. That court found that the $20,000 amount was the proper exemption and entered an order overruling the Objec *670 tions to Trustee’s Report of Exempt Property. The district court affirmed this order, and Bassin appeals.
DISCUSSION
Section 6 of the Bankruptcy Act, ch. 575, § 1, 52 Stat. 842 (1938) (current version at 11 U.S.C. § 522 (Supp. Ill 1979)), provides that bankruptcy exemptions are to be determined by the state law applicable on the date of the filing of the petition in bankruptcy. Thus, the legal standard by which the proper amount of Bassin’s homestead exemption is determined is that which was in effect in California on March 5, 1977.
Bassin argues that the definitive statement of California law governing homestead exemptions is simply the express amount named in California Civil Code § 1260 which, on the date of the filing of his petition in bankruptcy, allowed an exemption in the amount of $30,000. We do not agree with this contention, however, be-, cause it ignores the significance of state court interpretations of the statute in question. A court in its consideration of the state law applicable in a bankruptcy proceeding must look both to the particular statute and to the construction placed on that statute by the authoritative courts.
California courts have, in fact, expressly construed the application of § 1260 when a bankrupt has incurred debts prior to an amendment providing for an increase in the homestead exemption in In Re Rauer’s Collection Company, 87 Cal.App.2d 248, 196 P.2d 803 (1948). In that case, an amendment to California Civil Code § 1260 had increased the homestead exemption from $5000 to $6000 after the bankrupt had incurred debts but prior to his filing for bankruptcy. The California court held that the increase was to be applied only prospectively. The court reasoned that creditors are entitled to rely on the exemption in effect at the time credit is extended and that a retroactive application of the statutory increase would be an unconstitutional impairment of pre-existing contract obligations. California law thus requires that the homestead exemption to be allowed to a bankrupt is the exemption in effect at the time the debts arise rather than the exemption in effect at the time of filing in order to avoid this type of impairment.
This Court has previously followed the mandate of § 6 of the Bankruptcy Act by applying California law as stated in In Re Rauer’s Collection Co. when determining the proper amount of California homestead exemptions. In England v. Sanderson, 236 F.2d 641 (9th Cir. 1956), we held that when there existed creditors whose claims arose prior to the amendment to California Civil Code § 1260 which increased the homestead exemption from $7500 to $12,500, the bankrupt was entitled to the $7500 exemption in effect at the time he became indebted to several of his creditors and that the excess equity in the homestead came under the trustee’s administration. The pre-existing creditors thus did not need to apply to state courts in order to perfect interests because the trustee assumed the rights of a pre-existing creditor under § 70(c) of the Bankruptcy Act, Pub.L. 89-495, § 5, 80 Stat. 209 (current version at 11 U.S.C. § 544(a) (Supp. Ill 1979)), which gives the trustee all the rights, remedies, and powers of a hypothetical creditor holding a lien at the time of bankruptcy. By bringing the amount of the homestead in excess of $7500 into the bankrupt estate the trustee was making “no invasion of exempt property under California law, because the pre-existing creditors have rights against the bankrupt estate in excess of $7500, and the trustee asserts their rights for the benefit of all the creditors.” England v. Sanderson, 236 F.2d at 643. Furthermore,
“To relegate the pre-existing creditors to the state courts is to ignore their rights in the $7500 exemption and place them in a position where one creditor, because of prompt action, might get all the $5000 difference in the hands of the bankrupt to the exclusion of all other pre-existing creditors.”
England v. Sanderson, 236 F.2d at 643.
England v. Sanderson thus makes clear that our interpretation of California law requires that when, as in the instant case, there exists creditors whose claims antedate a statutory increase in the homestead exemption the bankrupt is entitled to an exemption only in the pre-amendment *671 amount so that pre-existing creditor rights are fully protected.
We have not only followed the mandate of § 6 by referring to the law of In Re Rauer’s Collection Co. in determining the proper amount of the homestead exemption to which a California bankrupt is entitled, but we also have found that the conclusion reached in England v. Sanderson as to trustee status under § 70(c) is not, as is argued by Bassin, in conflict with Supreme Court rationale as articulated in Lewis v. Manufacturers National Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961). Lewis held that the rights of creditors, existing or hypothetical, to which the trustee succeeds under § 70(c) are to be ascertained as of the date of filing the petition in bankruptcy, not as of an anterior point in time. Bassin contends that by allowing only a $20,000 homestead exemption and bringing the $10,000 difference into the bankrupt estate for administration by the trustee the court has given the trustee rights of an anterior creditor, a determination of creditor status that is not in accord with Lewis. However, we have commented on the Lewis decision with respect to trustee status under § 70(e) in Pacific Finance Corporation v. Edwards, 304 F.2d 224, 230 (9th Cir. 1962). In that case, we stated that, “In our view, § 70, sub. c grants to the Trustee the status of a lien creditor whenever an actual creditor exists who could have become a lien creditor but did not do so.” Thus, contrary to Bassin’s contention, there need not have been a perfected lien against his homestead in order for the trustee to gain pre-existing creditors’ rights. This Court requires merely that an actual creditor could have become a lien creditor and feels that this requirement brings the Circuit approach within the rationale of Lewis.
In Bassin’s case, the bankruptcy court’s determination that the trustee has creditor status under § 70(c) for the administration of the homestead equity in excess of $20,000 follows the analyses discussed in Pacific Finance Corp. and England v. Sanderson. The trustee did not gain creditor status under § 70(c) on the basis of a hypothetical creditor. At least twenty-seven creditors existed whose claims arose prior to the effective date of the increase in the homestead exemption. These creditors could have become lien creditors as to the amount of equity in the homestead that remained non-exempt at that time. Pacific Finance Corp. does not require that they actually had become lien creditors at the time of filing in order for the trustee to assume their rights for the benefit of all creditors under § 70(c). Therefore, the bankruptcy court’s determination that the bankrupt was allowed the pre-amendment exemption of $20,000 and that the trustee should administer the excess equity in the homestead as part of the bankrupt estate was one which properly applied California and Ninth Circuit law.
Because we find our decision mandated by the particular facts presented by this appeal, we do not rule on a suggested alternative approach for determining the proper amount of a homestead exemption in situations in which a statutory increase has occurred after some of the bankrupt’s debt obligations have arisen but prior to the time he files for bankruptcy. Several recent cases, Swenor v. Robertson, 452 F.Supp. 673 (N.D.Cal.1978), In Re Pappas, 2 B.R. 138 (Bkrtcy.C.D.Cal.1980), and Matter of Echavarren, 2 B.R. 215 (Bkrtcy.D.Idaho 1980), have used this approach which has the advantage of protecting pre-amendment creditors’ rights without relegating them to state courts while, at the same time, giving the bankrupt the benefit of any statutory increase in the exemption that is not used to satisfy the pre-existing claims. Under the alternative method of determination, when an amendment has increased the exemption amount the bankrupt is allowed the exemption that is in effect at the time of the filing of the petition, less the aggregate amount of the claims which arose prior to the effective date of the increase. Any balance remaining after the pre-existing claims have been satisfied is turned over to the bankrupt as part of the homestead exemption. If the pre-existing claims are greater than the amount of the increase, the bankrupt is simply entitled to the preamendment exemption.
Bassin cannot benefit from this procedure of determination because there exist credi *672 tors with claims in undisputed amounts in excess of approximately $53,000 that arose prior to the statutory increase. The aggregate of the pre-amendment claims more than offsets the $10,000 statutory increase; thus, there would be no balance left to turn over to Bassin. The alternative method therefore could not affect the decision in this case.
We hold that Bassin is entitled to a homestead exemption in the amount which was in effect at the time some of his debts were incurred rather than in the amount effective at the date of the filing of his petition in bankruptcy.
The district court’s order upholding the trustee’s Report of Exempt Property is affirmed.