**In re Richard V. AGETON, Jr., Opal .B. Ageton, Debtors.**

**Richard V. AGETON, Opal B. Ageton, Plaintiffs,**

**v.**

**Edward CERVENKA, Sylvia Cervenka, Defendants.**

**Bankruptcy Nos. 80–0041, 80–00044.**

United States Bankruptcy Court, D. Arizona.

Nov. 6, 1980.

See also, Bkrtcy., 5 B.R. 323.

Patricia Wendel, Tucson, Ariz., for plaintiffs/debtors.

Robert C. C. Heaney, Bruce Bridegroom, Tucson, Ariz., for defendants.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

Edward and Sylvia Cervenka, creditors in the above–captioned bankruptcy, moved the Court for an order directing the trustee to collect and administer $5,000.00 of the $20,-000.00 homestead exemption claimed by the debtors. The Cervenkas purchased notes and mortgages from several entities, including the debtor, Ageton, sometime in the early 1970s. In August 1973 the Cervenkas sued various parties, including the debtors, alleging two counts in fraud and two counts for rescission of the sale of unregistered securities from an unregistered broker. This action filed in the Superior Court of the State of Arizona in and for the County of Pima resulted in a judgment being taken against the various defendants, including the debtors, in the amount of $27,194.07, together with interest thereon. The Superior Court found in favor of Defendants on the two fraud counts but granted the judgment on the rescission counts. The applicable Arizona statute allowing for such rescission is A.R.S. § 44–2001 (1956). The parties stipulated into evidence copies of the complaint, answer and crossclaims, memoran-dum opinion of the Superior Court judge, and findings of fact and conclusions of law from the Superior Court.

At the time this motion was made by the Cervenkas, an adversary proceeding was pending in this court wherein the Cervenkas had objected to the claim of the homestead exemption of the debtors. This Court, after hearing, ruled in this matter, which is now on appeal. The issue raised in the Cervanka motion for an order directed to the trustee should have been raised in the adversary proceedings rather than by motion. Our Arizona statute, A.R.S. § 33–1101 (1956 Supp.) was amended by the Arizona Legislature in 1977, and raised the value of the homestead exemption from $15,000.00 to $20,000.00. This Court has consolidated this particular issue with the adversary proceedings, and is prepared to rule in the matter.

The Cervenkas, in their motion, rely on a Ninth Circuit case of *England v. Sanderson*, 236 F.2d 641 (9th Cir. 1956). In that case our Circuit Court held that a statute increasing the homestead exemption from $7,500.00 to $12,500.00 in California was inoperative against creditors of a bankrupt who extended credit prior to the date of the enactment of the statute increasing the amount of the homestead. The court goes on to say that the trustee is entitled to receive the surplus over the lower exemption and it is to be administered in the bankrupt's estate.

We do not believe that the *England v. Sanderson, supra,* case is controlling in this matter. The Supreme Court in *Lewis v. Manufacturers National Bank of Detroit,* 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323, held "that the rights of creditors—whether they are existing or hypothetical—to which the trustee succeeds are to be ascertained as of 'the date of bankruptcy,' not at an anterior point of time. That is to say, the trustee acquires the status of a creditor as of the time when the petition in bankruptcy is filed." The Supreme Court was discussing the rights of a trustee under Section 70(c) of the Bankruptcy Act in effect prior

to October 1, 1979. In *England v. Sanderson*, our Ninth Circuit Court was directly discussing the powers of a trustee under Section 70(c) of the Bankruptcy Act which provides that the trustee can succeed to any of the rights, remedies and powers of a hypothetical creditor obtained by legal or equitable proceedings at the time of bankruptcy. What this really means is, does the trustee take title or have a right to the $5,000.00 difference in the homestead exemption. *Lewis* clearly answers this by holding that all rights of the trustee are established as of the date of filing the petition in bankruptcy and not any anterior time because his rights are determined as of the date of filing the petition and not at a prior time. Under *Lewis* the $20,000.00 homestead exemption was in effect and the Debtor can exempt this amount as a homestead.

The *Lewis* decision is consistent with an older holding of the United States Supreme Court. In *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903) they held that neither the trustee nor the Bankruptcy Court had jurisdiction over exempt property and the rights of a creditor who held a waiver of a homestead right must be enforced in the state court.

The Seventh Circuit Court of Appeals in the *Matter of Zahn*, 605 F.2d 323 (1979) resolved this question rather simply. Citing *Lockwood v. Exchange Bank, supra, Lewis v. Manufacturers National Bank of Detroit, supra*, they held that, "We think that one consistent theory underlies the several versions of § 70, sub. c which we have set forth ... that the rights of creditors—whether existing or hypothetical—to which the trustee succeeds are to be ascertained as of 'the date of bankruptcy,' not at an anterior point of time. That is to say, the trustee acquires the status of a creditor as of the time when the petition of bankruptcy is filed ..." They discuss the Ninth Circuit holding of *England v. Sanderson* at length, and conclude that a creditor must resort to the state court forum for establishing a claim or lien upon exempt property and that the Bankruptcy Court has no jurisdiction to enforce a claim or lien upon exempt property. They then go on to hold that "the duty of a trustee in bankruptcy is to set off the exemptions which exist as to creditors generally on the day of filing bankruptcy. The trustee should not be considered with the rights of creditors who may have liens of special claims against exempt property. Such creditors may foreclose their liens against exempt property in the state courts, or if they do not have liens but merely claim that the exemption does not apply as to them, they may then apply to the bankruptcy court for relief from the automatic stay provided in Rule 401 so that they can proceed in the state courts against the exempt property. Although it might be more convenient for the bankruptcy court to adjudicate the rights of all parties to exempt property, convenience is not sufficient reason to ignore the rule of the U. S. Supreme Court as expressed in *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1902)."

Debtors' attorney argues that they should be permitted to take the higher state exemption on the grounds that the increase from $15,000.00 to $20,000.00 in the homestead exemption between the years 1971, date of the $15,000.00 Arizona homestead exemption statute, and 1977, date of the $20,000.00 Arizona homestead exemption statute, is not unreasonable.

This Court finds that if necessary to rule that such increase is not unreasonable, it is not. See *Matter of Echavarren*, 2 B.R. 215 (Bkrtcy. Ct. Idaho 1980); *Wilkinson v. Carpenter*, 277 Or. 557, 561 P.2d 607 (Or.S.Ct. 1977).

For the foregoing reasons, this Court finds that the Debtor should be allowed the homestead of $20,000.00, the amount allowed by the Arizona state statute on the date of filing the petition in bankruptcy. Debtors' attorney IS ORDERED to prepare and file within ten (10) days from date an appropriate form of order.