In re Frederick D. YOST, Barbara Yost d/b/a Petro Drill Company, Debtors.

Bankruptcy No. 1–82–00581.

United States Bankruptcy Court, W.D. Kentucky.

Aug. 15, 1984.

⟨⟩386

Philip Huddleston, Bowling Green, Ky., for debtors.

C. Joseph Greene, Louisville, Ky., for creditor, Leasing Service Corporation.

Steven D. Downey, Bowling Green, Ky., for creditor, Whayne Supply Company.

## MEMORANDUM OPINION

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The sole issue in this case is whether under Kentucky law a properly perfected repairman's lien on the insurance proceeds from destroyed equipment has priority over an earlier perfected security interest in that equipment. The facts are simple and agreed.

In April of 1981, Leasing Service Corporation (LSC) leased a drilling rig to the debtors, Frederick and Barbara Yost, who were doing business under the name Petro Drill Co. At the time of the lease LSC also perfected a security interest in the drilling rig. In July of 1982, Whayne Supply Company performed $2,499.93 worth of repairs on the rig's caterpillar engine. After completing its work, Whayne properly perfected a materials and service lien against the engine under the provisions of KRS 376.-440–450.

On October 28, 1982 the drilling rig was heavily damaged by fire. Approximately $75,000.00 in insurance proceeds were paid to, and are now being held by, LSC. In the wake of the fire and a variety of other financial setbacks suffered by Petro Drill Co., the Yosts filed for Chapter 11 reorganization on December 15, 1982.

Whayne and LSC agree that both of their interests in the insurance proceeds are valid and properly perfected. The parties also agree that LSC's security interest in the rig was filed and perfected prior to Whayne's materials and service lien, and that the character of the insurance proceeds will not affect the priority of their interests.

\*     \*     \*

The priority of these two competing interests in the insurance proceeds is governed by KRS 355.9–310 which reads:

When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected

security interest unless the lien is statutory and the statute expressly provides otherwise.

Simply stated, the pivotal question for this court to decide is, "Does the statute granting Whayne its lien expressly provide that a perfected security interest has priority over the statutory lien?"

Whayne is claiming its interest in the proceeds through a lien granted it by KRS 376.440. This statute provides that "[a]ny person engaged in the business of selling, repairing or furnishing ... supplies for any kind of equipment or machinery,... shall have a lien on the equipment [or] machinery ... for ... agreed charges for repairs, and supplies furnished..." The priority of a KRS 376.440 lien as it affects mortgages and sales is governed by KRS 376.450, which states in part that a "lien shall not take precedence over a mortgage or bona fide sale and delivery" unless certain filing requirements, not important to this case, are met. No direct mention is made in KRS 376.450 about the priority of security interests or lease agreements.

▪▪▪ LSC strongly argues that the term "mortgage" as used in KRS 376.450 is merely an archaic term for "security interest" and therefore that its prior perfected security interest is superior to Whayne's service lien. While the contention is not without legal and historic merit, this court cannot agree with it, for it ignores the significance of the Kentucky

courts' interpretation of the statute in question. A bankruptcy court in its consideration of state law must look "both to the particular statute and to the construction placed on that statute by the authoritative [state] courts".[1]

In the 1964 case of *Corbin Deposit Bank v. King*,[2] the Kentucky Court of Appeals stated that the term "mortgage" as used in KRS 376.450 did not mean or include security interests.[3] The Court found that it was "the Uniform Commercial Code ... particularly KRS 355.9–310" and not KRS 376.450 which governed the priority between a perfected security interest and a KRS 376.440 materials and service lien. The court went on to hold in *Corbin Bank* that the KRS 376.440 lien was superior to a prior perfected security interest.

In the present case LSC recognizes the *Corbin Bank* case but argues on brief that "[it] is clearly erroneous on its face ... and should be given no weight by [the] Court."[4] This argument is clearly contrary to the well-established rule that "state courts are the ultimate expositors of state law and federal courts are bound by the constructions placed upon state statutes by state courts absent extreme circumstances".[5] In this case no extreme circumstances are present. The *Corbin Bank* case is neither so ancient[6] nor its reasoning so fallacious that this court should assume that a Kentucky court would not choose to follow it were this issue presented to them today.[7]

---

1. *Bassin v. Stopher*, 637 F.2d 668, 670 (9th Cir. 1980).

2. 384 S.W.2d 302 (Ky.1964).

3. The Kentucky Court of Appeals in its opinion stated that:
   It is true that by the terms of KRS 376.450 the lien provided in KRS 376.440 shall "not take precedence over a mortgage ..." However ..., KRS 355.9–310, as it deals with the question of priorities, is treating the matter of security interests—not mortgages. Although there are many similarities between a mortgage and security interest, there are many dissimilarities also.... Therefore it is our conclusion that ... KRS 376.450 as it relates to precedence for a mortgage has no validity as to [a] security interest....
   *Id.* at 304.

4. Brief of Leasing Service Corporation at 3.

5. *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975); *Pagan Torres v. Negron Ramos*, 578 F.2d 11, 14 (1st Cir.), *cert. denied*, 439 U.S. 1005, 99 S.Ct. 619, 58 L.Ed.2d 682 (1978). *See also In re D & B Electric, Inc.*, 4 B.R. 263, 269 (Bkrtcy.W.D.Ky.1980). ("A bankruptcy court must interpret, not make, state law").

6. See *Dick Proctor Imports, Inc. v. Sumitomo Corp.*, 486 F.Supp. 815 (E.D.Mo.1980) where the court seriously doubted the validity of an outdated 118 year old Missouri precedent.

7. See *Cruise v. Castleton, Inc.*, 449 F.Supp. 564 (S.D.N.Y.1978).

**964**

The continued validity of the *Corbin Bank* case is also supported by the legislative treatment of KRS 376.450. In 1978, KRS 376.450 was slightly amended (in wording unimportant to this case), but the term "mortgage" was left unchanged. The retention of the term "mortgage" in KRS 376.450 in light of the *Corbin Bank* decision clearly indicates that the Kentucky legislature agrees with the court's construction of this statute.

In summary, we conclude that KRS 376.-450 does not expressly give a perfected security interest priority over a KRS 376.-440 service and supply lien under the interpretation given it by Kentucky courts. Therefore this court concludes that KRS 355.9–310 governs the priority of the interests in this case and holds that the lien of Whayne Supply Company is superior to the security interest of Leasing Service Corporation.